THOMAS H. McFALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McFall v. Commissioner
Docket No. 17704-88
United States Tax Court
T.C. Memo 1989-510; 1989 Tax Ct. Memo LEXIS 513; 58 T.C.M. (CCH) 175; T.C.M. (RIA) 89510; September 20, 1989
Frank Steelman, for the petitioner. Diana Cameron, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge: [1] Respondent determined a deficiency in petitioner's 1984 and 1985 Federal income tax in the amounts of $ 2,623.60 and $ 2,151, respectively. *514 The issues for decision are (1) whether Thomas H. McFall (petitioner) is entitled to deductions under section 170 for charitable contributions for taxable years 1984 and 1985, and (2) whether additions to tax pursuant to section 6653(a) should be applied. [2]
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein. Petitioner contends that he made charitable contributions to Kanon Church, Incorporated (Kanon) in the amounts of $ 12,800.90 and $ 13,549.08 for taxable years 1984 and 1985, respectively, and he deducted these amounts on his tax returns. With minor exceptions, the alleged payments were in cash and petitioner introduced receipts from *515 Kanon for the cash payments. These funds were used by Kanon to purchase a Porsche automobile supposedly as transportation for the pastor and as a short term investment of church funds. An analysis of petitioner's bank records and W-2 Forms demonstrates that petitioner did not have sufficient income, after subtracting known expenditures, to have transferred the amounts he claimed as charitable deductions. Respondent established that the amount of cash available for contributions to Kanon was as follows: 1984
1985
Income per Form 1040
$ 23,601.18 $ 23,290.66 Less: Federal Withholding
(2,955.32)
(2,129.77)
Social Security
(1,365.08)
(1,134.36)
Withholding
Checks written on
(8,502.54)
(13,113.51)
Account
ATM Withdrawals
(1,750.00)
(1,645.00)
Cash available for all
$  9,028.24 $  5,258.02 other purposes
When petitioner was asked how he could have contributed more than his available cash, he replied that he must have under-reported his income. His estimate of unreported income began at $ 100, and upon further cross-examination, climbed to as high as $ 6,000 *516 each year. Even if the Court accepts this testimony, which it does not, the additional income would simply offset any deduction. Since petitioner could not possibly have made all of the claimed contributions, petitioner's cash receipts from Kanon for the full amounts of the claimed contributions cannot be correct, and the Court gives them no weight. Deductions are a matter of legislative grace, and petitioner must prove his entitlement to the specific items claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Petitioner has not satisfied this burden, and the Court holds that petitioner is not entitled to the deductions in question. [3] While under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), courts may approximate the amount of deductions to which taxpayers are entitled, petitioner has failed to offer credible evidence proving the existence of the right to any deductions. See Chesbro v. Commissioner, 21 T.C. 123 (1953), affd. 225 F.2d 674 (1955), cert. denied 350 U.S. 995 (1956). *517 Section 6653(a) provides for additions to tax if any part of any underpayment of tax is due to the taxpayer's negligence or intentional disregard of rules or regulations. The discrepancies between petitioner's claimed donations and available cash are so substantial as to discredit any claim by the petitioner that his misstatement of contributions was merely inadvertent. Accordingly, we hold that petitioner is liable for additions to tax. Decision will be entered for the respondent. Footnotes
1. This case was assigned pursuant to the provisions of section 7443A of the Internal Revenue Code of 1986↩. All subsequent statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. 2. At the time of the filing of the petition herein, petitioner resided in Bryan, Texas.↩
3. The Court expressly declines to rule on the issue whether Kanon qualifies as an exempt organization under section 501(c)(3). Such determination is unnecessary for the disposition of this case.↩